IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-2110

ADAM C. GOETSCH, an individual,

Plaintiff,

v.

X BAR FLY, INC., a Colorado corporation, dba Sato,
DOWNTOWN BROWN, a Colorado limited liability company, dba Café 163, and
PETER TILDEN MUELLER, an individual,

Defendants.

## COMPLAINT

Plaintiff, Adam C. Goetsch, by and through undersigned counsel, complains as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the applicable Colorado Minimum Wage Order ("CMWO"), 7 Colo. Code Regs. §1103-1 for each year of his employment, and the Colorado Minimum Wage Act ("CMWA"), Colo. Rev. Stat. § 8-6-118, by failing to pay him all earned overtime compensation at the proper rates of pay. Plaintiff also demands Defendants pay him all of his earned but unpaid wages, pursuant to the Colorado Wage Claim Act ("CWCA"), Colo. Rev. Stat. § 8-4-109.

-2-

## JURISDICTION AND VENUE

2. Jurisdiction over Plaintiff's FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Jurisdiction over Plaintiff's state law claim is based upon 28 U.S.C. § 1367 because they are so related to his FLSA claims that they form part of the same case or controversy.

4. Defendants are subject to personal jurisdiction in Colorado because they conduct substantial business in this state and the acts and omissions alleged herein occurred in this state.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

6. Plaintiff Adam C. Goetsch ("Goetsch") was, at all relevant times, an adult individual residing in Avon, Colorado.

7. Goetsch was employed by Defendant X BAR FLY, INC., dba Sato (hereinafter "Sato Sushi"), which operates Sato Sushi restaurant located in Edwards, Colorado.

8. Goetsch was also employed by Defendant DOWNTOWN BROWN, dba Café 163 (hereinafter "Café 163), which operates Café 163 restaurant located in Edwards, Colorado

9. Defendant PETER TILDEN MUELLER (hereinafter "Mueller") is the registered agent for both Sato Sushi and Café 163.

10. Upon information and belief, Mueller is the primary owner and operator of both Sato Sushi and Café 163.

11. Goetsch alleges that Mueller is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## STATEMENT OF FACTS

12. Sato Sushi is a sushi restaurant in Edwards, Colorado. It is open for dinner from 5 p.m. until close, Wednesday through Sunday.

13. Café 163 is the "sister" restaurant to Sato Sushi.

14. Café 163 is open for breakfast and lunch, from 8 a.m. to 2 p.m., Wednesday through Sunday.

15. In July, the busiest part of the year in the Vail Valley, both restaurants are open and operate seven days per week.

16. Defendants employed Goetsch as a cook from May 28, 2018 through September 2019, and again from January to February 2020.

17. Sato Sushi and Café 163 shared kitchen staff and management.

18. The restaurants jointly employed three cooks (including Goetsch) who operated both kitchens day and night.

19. In 2018, the two restaurants were located immediately adjacent to each other in separate spaces. Café 163 was located in 105 Edwards Village Blvd, unit D, while Sato Sushi was located at the same address, unit E.

20. In 2019, the restaurants combined operations and into the expanded Café 163 location, which now encompasses 105 Edwards Village Blvd, D-101 and D-103.

21. Thereafter, both restaurants were supported from the same single kitchen, in which Goetsch worked.

22. Before the restaurants combined, Goetsch would often perform work duties for Café 163 while physically working at the Sato Sushi restaurant, and vice versa.

23. Customers visiting Sato Sushi's website, http://satosushiedwards.com, find links to the menus for both "Sato Menu" and "Café 163 Menu".

24. Customers visiting Café 163's website, http://cafe163.com, find links for "Café Takeout" and "Sato Takeout".

25. Both restaurants have the same mailing address, P.O. Box 2235, Edwards, CO 81632.

26. Both restaurants share the same retail liquor license issued by the Colorado Department of Revenue, Liquor Enforcement Division, and authorized by Eagle County. On December 19, 2019, Mueller submitted and signed the renewal application for this license. On that application, he listed the licensee name as "Downtown Brown LLC", and listed the "doing business as name" as "Café 163 and Sato". Mueller listed his title as "Owner".

27. Upon information and belief, at all relevant times, Sato Sushi has had gross volume of sales of at least $500,000 annually.

28. Upon information and belief, at all relevant times, Café 163 has had gross volume of sales of at least $500,000 annually.

29. Mueller personally hires and fires all employees for both restaurants.

30. Mueller personally managed the work schedule for both restaurants' kitchen staff, including Goetsch.

31. At Sato Sushi, Goetsch was supervised directly by Mueller, or in Mueller's absence, the executive chef Ted (last name unknown).

32. At Café 163, Goetsch was supervised by Mueller, or in Mueller's absence, the AM Manager, Annie (last name unknown).

33. During his employment, Goetsch recorded his hours worked for each restaurant on separate time clocks.

34. Goetsch received separate paychecks from each restaurant.

35. Throughout his employment, the combined number of hours Goetsch worked at both restaurants nearly always exceeded 40 hours per week.

36. During his employment, the combined number of hours Goetsch worked at both restaurants sometimes exceeded 12 hours in a single workday.

37. When Goetsch worked more than 40 hours per week at one restaurant, that restaurant paid him some amount of overtime for the hours he worked at that restaurant.

38. However, Defendants never paid Goetsch overtime compensation for hours worked more than 40 hours per work week, based on the total combined number of hours he worked for both restaurants.

39. Defendants also never paid Goetsch overtime compensation for hours worked more than 12 hours in a single work day, based on the total combined number of hours he worked for both restaurants.

40.     In addition, upon information and belief, on several occasions, Goetsch worked more hours than were recorded on his pay stub, i.e. the hours recorded on his time clock slips did not match the hours worked as reported on his pay stub.

41.     In approximately February 2020, Goetsch filed a complaint with the Colorado Department of Labor & Employment, in which he alleged he had earned but not been paid for overtime based on the combined hours he worked at both restaurants throughout his employment.

42.     Upon information and belief, the Department served a copy of Goetsch's wage complaint on Sato Sushi and Café 163.

43.     Sato Sushi and Café 163 did not tender payment of any amount to Goetsch within 14 days of the date the Department sent them Goetsch's wage complaint/demand.

44.     Pursuant to Colo. Rev. Stat. §§ 8-4-101(15) and 8-4-109(3)(a), this Complaint constitutes a written demand for wages. Goetsch hereby demands that Sato Sushi and Café 163 pay him all amounts of his earned but unpaid wages, including but not limited to the unpaid overtime compensation to which he is entitled due to Defendants' operation of both restaurants as a single integrated enterprise.

### FIRST CLAIM FOR RELIEF - FAIR LABOR STANDARDS ACT
### AGAINST DEFENDANTS SATO SUSHI AND CAFÉ 163

45.     Goetsch incorporates by reference all preceding paragraphs of this Complaint.

46.     At all relevant times, Sato Sushi and Café 163 have been, and continue to be, "employers" within the meaning of the FLSA.

47.     At all relevant times, Sato Sushi and Café 163 were each an enterprise engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA.

48.     While employed by Sato Sushi and Café 163, Goetsch was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

49.     Because of the combination of their operations and their common ownership and management, Sato Sushi and Café 163 were, at all relevant times, a single integrated enterprise. As a result, all of the hours that Goetsch worked were for that single integrated enterprise, for which the FLSA required payment of overtime compensation for all hours that Goetsch worked over 40 hours per work week – based on the combined number of hours he worked for both restaurants.

50.     As a result of the foregoing conduct, as alleged, Sato Sushi and Café 163 have violated, and continue to violate, the FLSA, 29 U.S.C. § 201, et seq.

51.     Sato Sushi and Café 163 committed these violations knowingly, willfully, and with reckless disregard of applicable law.

52.     The foregoing conduct, as alleged, constitute willful violations of the FLSA within the meaning 29 U.S.C. § 255(a).

53.     As a result, Goetsch is entitled to recover from Sato Sushi and Café 163 all unpaid regular and overtime compensation, plus actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any

other required employment taxes, reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## <u>FAIR LABOR STANDARDS ACT – AGAINST DEFENDANT MUELLER</u>

54. Goetsch incorporates by reference all preceding paragraphs of this Complaint.

55. As the Owner of Sato Sushi and Café 163, Mueller had direct responsibility for the day-to-day business of both restaurants. This included supervising Goetsch's work schedules, controlling the terms and conditions of his employment, determining the rate and method of payment of Goetsch's wages, and maintaining employment records.

56. Mueller implemented the restaurants' separate time clocks and payroll practices in order to avoid or otherwise minimize the overtime compensation he was required by law to pay his employees, including Goetsch.

57. Mueller thereby acted directly and indirectly in the interests of Sato Sushi and Café 163 as employers, and in the interest of both restaurants as a single integrated enterprise, in relation to Goetsch. At all relevant times, Mueller was thus an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

58. As a result of the foregoing conduct, as alleged, Mueller violated the FLSA, 29 U.S.C. § 201, et seq.

59. Mueller committed these actions knowingly, willfully, and with reckless disregard of applicable law. This conduct, as alleged, constitutes willful violations of the FLSA within the meaning 29 U.S.C. § 255(a).

60.     As a result, Goetsch is entitled to recover from Mueller all unpaid regular and overtime compensation, plus actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### THIRD CLAIM FOR RELIEF
### COLORADO MINIMUM WAGE ACT AGAINST SATO SUSHI AND CAFÉ 163

61.     Goetsch incorporates by reference all preceding paragraphs of this Complaint.

62.     At all relevant times, Sato Sushi and Café 163 were food and beverage enterprises covered by and required to comply with the applicable CMWO, 7 Colo. Code Regs § 1103-1, paragraph 2(C).

63.     Sato Sushi and Café 163, as a single integrated enterprise, failed to pay Goetsch at the overtime pay rate for all hours he worked in excess of 40 hours per workweek, based on the combined number of hours he worked at both restaurants.

64.     Sato Sushi and Café 163, as a single integrated enterprise, failed to pay Goetsch at the overtime pay rate for all hours he worked in excess of 12 hours in a single work day, based on the combined number of hours he worked at both restaurants.

65.     Sato Sushi and Café 163 thereby willfully violated paragraph 4 of the applicable CMWO for each year of Goetsch's employment.

66.     Goetsch brings this action to to recover the unpaid balance of the full amount of minimum wages, including earned but unpaid overtime wages, pursuant to

paragraph 18 of the applicable CWMO for each year of Goetsch's employment, and Colo. Rev. Stat. § 8-4-118.

### FOURTH CLAIM FOR RELIEF – COLORADO WAGE CLAIM ACT (CWCA)

67. Goetsch incorporates by reference all preceding paragraphs of this Complaint

68. Sato Sushi and Café 163 are both "employers" required to comply with the CWCA, Colo. Rev. Stat. § 8-4-101(6).

69. Sato Sushi and Café 163 did not tender payment of Goetsch's earned but unpaid wages within 14 days of the date Goetsch's written demand was sent.

70. Sato Sushi and Café 163 thereby willfully violated the CWCA, and are liable to Goetsch for the penalties prescribed by the statute, in amounts to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Goetsch respectfully requests that this Court grant the following relief:

    a.    An award of regular compensation due him pursuant to the FLSA, CMWO/CMWA, and CWCA;

    b.    An award of overtime compensation due him pursuant to the FLSA, CMWO/CMWA, and CWCA;

    c.    An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay him all regular and overtime compensation pursuant to the FLSA, 29 U.S.C. § 216;

    d.    An award of penalties prescribed by the CWCA for Defendants' willful failure to pay his earned wages;

    e.    An award of pre-judgment and post-judgment interest;

  f. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

  g. Such other and further relief as this Court deems just and proper.

Respectfully submitted this 20th day of July, 2020.

            GARY KRAMER LAW, LLC

            */s Gary M. Kramer*
            Gary M. Kramer
            1465 Kelly Johnson Blvd, Suite 210
            Colorado Springs, CO  80920
            Tel:  719-694-2783
            Fax:  719-452-3622
            Email:  gary@garykramerlaw.com
            Attorney for Plaintiff Adam C. Goetsch

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of July, 2020, I electronically filed the foregoing **COMPLAINT** with the Clerk of the Court using the Court's CM/ECF system.

            */s Gary M. Kramer*
            Gary M. Kramer